**STATE of Tennessee, Appellee,**

v.

**Terry Dale CARTER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 19, 1984.

Permission to Appeal Denied by Supreme Court March 4, 1985.

Mary E. (Beth) Stricklin, Humboldt, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, Clayburn L. Peeples, Dist. Atty. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

After a jury trial, appellant was convicted for making harassing phone calls. *See* T.C.A. § 39–6–1102. He was sentenced to confinement for sixty (60) days in the Gibson County Jail and fined two hundred fifty dollars ($250.00).

Appellant presents three issues in his appeal as of right from the judgment pronounced on the jury's verdict. They are: (1) whether the sufficiency and weight of the evidence support the jury's verdict; (2) whether the state proved venue; and (3) whether T.C.A. § 39–6–1102 is unconstitutionally vague.

The evidence in narrative form, see T.R.A.P. 24(a), reflects a housewife receiving a telephone call in her residence in Humboldt, Tennessee, 12:00 noon on June 14, 1982. The anonymous caller had previously made fifteen or more calls to her in the last several months. The caller asked if he could come over and make love to her. He also asked her to appear nude when he arrived so that he would know that it was not a setup. In a short while she and her husband observed a light colored car pass and repass their home. The housewife received another call around 1:10 p.m., and she reassured the caller that it was not a "set-up". She and her husband then noticed appellant approach to enter the home. The husband confronted him with a pistol at the door. Appellant exclaimed, "You've got this all wrong." The wife identified appellant as the caller and as the husband of a co-worker.

Appellant established an alibi defense. His wife, a guard where she worked, and friends claimed that at the time of the calls, appellant was with them and made no phone calls. He explained his appearance at the home, saying that he had stopped to request a carburetor part from the husband.

By its verdict the jury rejected appellant's alibi defense and accredited the theory of the State that appellant was the caller. The evidence is sufficient to meet T.R.A.P. 13(e) requirements. *See State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978).

Appellant also contends that the trial court erred in not ruling that the weight of the evidence preponderates against the verdict; hence, as thirteenth juror, the court erred in overruling his motion for new trial. He relies on an unreported opinion of this Court, *State v. Johnson,* Coffee County No. 81–309–III (Tenn. Cr.App., January 18, 1983) (unpublished opinion, permission to appeal granted May 2, 1983). That opinion, with permission to appeal granted by our Supreme Court, is not persuasive here. The argument is advanced that the guard's testimony clearly outweighs the housewife's; hence, the trial court should have granted appellant's motion for a new trial. We are not responsive to this argument for the trial court as well as the jury saw and heard the witnesses. It was their duty to weigh the testimony which obviously the trial court did when the court overruled his motion for new trial. This issue is overruled.

The venue was clearly established when the housewife testified that she received the calls at her home in Humboldt which is in Gibson County. It is also established that appellant was in Humboldt on or about the time the calls were received. These uncontradicted circumstances are surely enough to fit the "slight evidence" required to establish venue. *State v. Bennett,* 549 S.W.2d 949, 951 (Tenn.1977). This issue is overruled.

The constitutionality of the statute, T.C.A. § 39–6–1102, is not vague. The State argues that since the issue was not raised in the motion for new trial, it was waived. *State v. Strouth,* 620 S.W.2d 467, 471 (Tenn.1981). It also may be argued

that because the issue was not raised pre-trial, it was waived. At any rate, the words in the statute, lewd, lascivious, and obscene, are sufficient descriptions to put ordinary men of common intelligence on notice as to what conduct is prohibited. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). This issue is overruled.

All issues overruled, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.