IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

September 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
          APPELLEE,          )
                             )     No. 02-C-01-9608-CC-00288
                             )
                             )     Benton County
v.                           )
                             )     Julian P. Guinn, Judge
                             )
                             )     (Aggravated Sexual Battery)
WILLIAM LYNDELL TODD,        )
                             )
          APPELLANT.         )


FOR THE APPELLANT:

Guy T. Wilkinson
District Public Defender
P.O. Box 663
Camden, TN 38320
(Appeal Only)

Larry G. Bryant
Assistant Public Defender
P.O. Box 663
Camden, TN 38320
(Trial Only)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Sarah M. Branch
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

G. Robert Radford
District Attorney General
P.O. Box 686
Huntingdon, TN 38344-0686

Todd A. Rose
Assistant District Attorney General
P.O. Box 94
Paris, TN 38242-0094


OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# **O P I N I O N**

The appellant, William Lyndell Todd (defendant), was convicted of aggravated sexual battery, a Class B felony, by a jury of his peers.  The trial court found the defendant was a standard offender and imposed a Range I sentence consisting of confinement for eight (8) years in the Department of Correction.  In this Court the defendant contends (a) the evidence is insufficient to support a finding by a rational trier of fact that he was guilty of aggravated sexual battery and (b) the trial court committed error of prejudicial dimensions by failing to instruct the jury on the lesser included offense of assault.  After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

On occasion the defendant kept the children of Jay and Susan Grinell while Mrs. Grinell went shopping.  Mr. Grinell worked out of town and was only home on weekends.  One of the children, SEG, was a six-year-old girl.  The other child was an infant boy.  SEG was the victim in this case.

On October 25, 1994, the defendant kept the two children while Mrs. Grinell went shopping.  The victim and her brother took a nap in their parents' bed.  When the victim awoke, she went into the living room where the defendant was watching television.  While she was sitting on a sofa, the defendant grabbed her, sat on the other sofa, and began rubbing her breasts and vaginal area through her clothing. The victim asked the defendant to stop.  He refused.  The victim then slapped the defendant in his face several times.  He still refused to stop touching her.  She then placed her foot in the defendant's face, pried herself loose, retreated to her parents' bedroom, and locked the door.

On this same date the defendant told the victim to lay on the floor so he could give her a "backrub" because "she said her back hurt."  The defendant first rubbed the victim's back.  He then turned her over.  He began rubbing the chest, legs, and genital area of the victim's body.

The defendant gave three statements to the Benton County Sheriff's Department.  In the first statement the defendant indicated he may have touched the victim, but the

touching was accidental. In the second statement the defendant stated "I don't remember rubbing her on her private parts for any reason." In the third statement the defendant admitted rubbing the victim's genital areas while she was sitting on his lap and while he was giving her a "massage." He also stated "[i]f [SEG] says I rubbed her vaginal area I did because she has no reason to lie on me." During the trial, the defendant testified any improper touching of the victim was unintentional. He did not reject or refute the third statement he gave to the sheriff's department.

## I.

The defendant contends the evidence is insufficient, as a matter of law, to support a finding by a rational trier of fact he was guilty of aggravated sexual battery beyond a reasonable doubt. The defendant argues that the state failed to prove beyond a reasonable doubt that any touching of the victim by the defendant was for the purpose of sexual arousal or gratification.

## A.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and

legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

**B.**

The offense of aggravated sexual battery is defined by statute as "unlawful sexual contact with a victim by the defendant" when "the victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a). Thus, before the defendant could be convicted of aggravated sexual battery, the state was required to prove beyond a reasonable doubt (a) the defendant intentionally or knowingly had unlawful sexual contact with SEG; and (b) SEG was less than thirteen (13) years of age at the time.

The victim testified that on or about October 25, 1994, while babysitting, the defendant sat her on his lap and rubbed her breasts and vagina. She testified that "I told him to stop and then I hit him four or five times and he wouldn't stop." The victim stated she then "got out of his lap and got in my room and I locked my mommy's door."

In a signed statement given to the police on June 13, 1995, the defendant refuted two earlier statements denying the charges against him. He admitted rubbing the victim's vaginal area through her clothes for a few seconds while she was sitting on his lap. The

4

defendant also admitted that during the same time period he touched the victim's chest and vagina through her clothes for a few seconds while giving her a "massage." In his statement the defendant stated, "[i]f [SEG] says I rubbed her vaginal area I did because she has no reason to lie on me."

The defendant testified he did touch the victim's chest and genitals, but indicated the touching was accidental. However, the defendant did not reject his June 13, 1995 statement to the police.

There is sufficient evidence to support a finding by a rational trier of fact that the defendant was guilty of aggravated sexual battery beyond a reasonable doubt. Tenn. R. App. 13(e).

This issue is without merit.

## II.

The defendant contends the trial court committed error of prejudicial dimensions by failing to instruct the jury on the lesser included offense of assault, a Class A misdemeanor. Tenn. Code Ann. § 39-13-101. However, the defendant candidly states in his brief that "[t]rial counsel did not request a lesser included offense and in fact, agreed that there were [no lesser included offenses]. Nor was the issue raised in his Motion for New Trial." In short, the defendant has raised this issue for the first time in this Court. He argues the failure to give such an instruction constituted plain error, and this Court should consider this issue notwithstanding his waiver of the issue.

When the parties had rested their respective cases, the trial court made the following statement for the record:

> Let the record reflect that at the recess just had for both lunch and prior to these arguments that the instructions that were given -- or will be given to this jury were given to counsel. There were no special requests to charge nor were there any objections to the instructions in the form in which they will be given to the panel. Additionally, this morning, before voir dire was complete, the possibility of a lesser included charge was discussed with counsel and both counsel for the State and for the defendant agreed that there were not properly and includable lesser included offenses in this case. . . .

5

(Emphasis added).  The trial court asked counsel for the state and counsel for the defendant if this was an accurate statement of what transpired.  Both lawyers advised the court this was a correct statement of what had occurred.

After the trial court made the statement for the record, defense counsel stated:

> Your Honor, just for the record, I agreed with that because it's alleged that the child -- the aggravated sexual battery is alleged because the child is under thirteen.  And, obviously, the proof was that the child was six at the time.  <u>And so either it would be a finding of guilt as to the charge or not guilty.  It couldn't be lesser included</u>.  They couldn't possibly find according to the facts that the child was not under the age of thirteen.

(Emphasis added).

Given these circumstances, the trial court did not charge a lesser included offense.  The charge was limited to the offense alleged in the indictment, i.e., aggravated sexual battery.

**A.**

This issue has been waived.  When the trial court broached the subject of instructing the jury on a lesser included offense during voir dire examination, defense counsel agreed there should be no instruction on a lesser included offense included in the charge given to the jury.  When the trial court made the aforementioned statement for the record, defense counsel reiterated the defendant was either guilty of aggravated sexual battery or he should be acquitted.

It appears part of defense counsel's trial strategy was to limit the jury's choice to the offense charged in the indictment or an acquittal.  Obviously, trial counsel thought he could establish the touching of the child was accidental -- that it was not sexually motivated as required by Tenn. Code Ann. § 39-13-504(a).

Given these circumstances, the failure of the trial court to instruct on the lesser included offense of assault did not constitute "plain error" within the meaning of Rule 52(b), Tenn. R. Crim. P.  Nor do these circumstances meet the criteria for considering plain error set forth in <u>State v. Adkisson</u>, 899 S.W.2d 626 (Tenn. Crim. App. 1994).  Furthermore, this Court is unwilling to consider this issue pursuant to Rule 13(b), Tenn. R. App. P.

6

**B.**

The defendant failed to bring the omission of an instruction on assault from the charge to the attention of the trial court. This resulted in the waiver of this issue. State v. Haynes, 720 S.W.2d 76, 85 (Tenn. Crim. App.), per. app. denied (Tenn. 1986); State v. Blackwood, 713 S.W.2d 677, 681 (Tenn. Crim. App.), per. app. denied (Tenn. 1986). Also, a party is not entitled to relief when the party fails to take the appropriate action to prevent or nullify the harmful effect of an error. Tenn. R. App. P. 36(a).

**C.**

The failure to include this issue in his motion for new trial constituted a waiver of this issue. Tenn. R. App. P. 3(e). See State v. Caldwell, 671 S.W.2d 459, 465 (Tenn.), cert. denied, 469 U.S. 873, 105 S.Ct. 231, 83 L.Ed.2d 160 (1984); State v. Keel, 882 S.W.2d 410, 417-18 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. McPherson, 882 S.W.2d 365, 375 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Carter, 687 S.W.2d 292, 293 (Tenn. Crim. App, 1984), per. app. denied (Tenn. 1985). Rule 3(e) provides that any ground asserted for the granting of a new trial must be "specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOE G. RILEY, JUDGE

7